IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JABARI LUCKETT,                          )
                                         )
             Plaintiff,                  )
                                         )
       v.                                )        CV 119-103
                                         )
GARY HUTCHINS, Sheriff, and              )
CLARK HIEBERT, Chief Deputy Col.,        )
                                         )
             Defendants.                 )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, a resident of Fulton County, Georgia using a mailing address in Desoto, Texas, (see doc. nos. 1, 1-1), is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

## I.    SCREENING THE COMPLAINT

### A.    BACKGROUND

Plaintiff names Gary Hutchins, Sheriff of Jefferson County Georgia, and Clark Hiebert, Chief Deputy at the Jefferson County Jail (JCJ), as Defendants. (Doc. no. 1, pp. 1, 2, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges he was incarcerated at JCJ on July 17, 2017, when four jailers instructed him and a fellow inmate to move the body of deceased inmate John Hymes from

an upstairs cell to the downstairs.  (Id. at 4.)  Plaintiff, and the other inmate carrying the deceased, dropped the body while descending the stairs but received no psychiatric treatment after this traumatic incident.  (Id.)  Plaintiff has since had "recurring nightmares and psychological fears about death and [his] future."  (Id. at 5.)  Plaintiff identifies Sheriff Hutchins as the policy maker at JCJ, and Chief Deputy Hiebert as the acting supervisor over the jailers who instructed Plaintiff to carry the dead body.  (Id. at 4.)  Plaintiff seeks "extensive counseling and psychiatric help [and] also a cash settlement" for the intentional infliction of emotional distress he experienced.  (Id. at 5.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a

plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Here, the complaint is devoid of any federal claim or cause of action and appears, in accordance with language used by Plaintiff throughout the complaint, to be an attempt to bring a Georgia tort claim for intentional infliction of emotional distress (IIED) and/or negligence over which there is no federal jurisdiction.

Plaintiff checked the box indicating he is bringing a § 1983 claim.  (Doc. no. 1, p. 3.) However, he alleges garden variety state law tort claims.  Cf. Smith v. United States, 873 F.3d 1348, 1351 (11th Cir. 2017) (identifying four elements of Georgia negligence claim); McGinnis v. Am. Home Mortg. Serv., Inc., 817 F.3d 1241, 1258 & n.11 (identifying four elements of Georgia IIED claim).  On the other hand, an Eighth Amendment deliberate indifference claim requires more than a showing of negligence to support a federal § 1983 claim.  To state such a valid claim, Plaintiff would have had to allege a defendant not only had (1) subjective knowledge of a risk of serious harm, but he also (2) disregarded that risk, (3) by conduct that is more than mere negligence.  See Melton v. Abston, 841 F.3d 1207,

4

1233 (11th Cir. 2016).  An official "must both be are of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Nowhere does Plaintiff allege a Defendant knew there was a substantial risk of serious harm from having Plaintiff assist moving a body, let alone that a Defendant drew the inference about the possibility of resultant psychiatric harm if the body were dropped.

Moreover, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *resondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted).  Plaintiff alleges no actual participation in, or causal connection between, either Defendant and the instruction from jailers on duty on July 17, 2017, to carry a deceased inmate down a set of stairs.  Although Plaintiff alleges the Sheriff is a policy maker, he does not allege a policy of directing inmates to move dead bodies.  Nor does Plaintiff allege Defendant Hiebert knew the jailers would direct inmates to move a dead body.  Thus, even if Plaintiff had alleged the requisite constitutional violation to invoke federal jurisdiction, which he has not, he fails to state a claim against the two Defendants he names.  See id. (requiring actual participation in alleged constitutional violation or causal connection between a supervisory defendant's actions and alleged violation to impose liability).

Plaintiff also fails to identify any federal question to invoke the Court's jurisdiction. As to diversity of citizenship, although Plaintiff lists a mailing address in Texas, he identifies his residence and place of employment in Fulton County, Georgia.  (Doc. nos. 1, 1-1, 2.)  As Defendants are identified as residing in Jefferson County, Georgia, even if Plaintiff had pled

the requisite damages in excess of the $75,000 threshold, which he has not, the controversy is not between citizens of different states.

Because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts, his complaint must be dismissed.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA